## Osborn v. Osborn's Administratrix, et al.

(Decided May 25, 1917.)

### Appeal from Pulaski Circuit Court.

Trial—Defendant Constructively Summoned—Right to Defend Before Judgment—Waiver.—Under section 408 of the Civil Code, providing that "a defendant constructively summoned shall be allowed at any time before judgment to appear and defend the action; and, upon a substantial defense being disclosed, time may be given on reasonable terms to prepare for trial," a defendant constructively summoned has the right at any time before judgment to file an answer showing a substantial defense,

and this right is not waived by a letter not addressed to the court or to the corresponding attorney, but to other attorneys, stating that he did not wish to contest the action.

STEPHENS & STEELY and B. L. WADDLE for appellant.

JOHN W. COLYAR for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On December 26, 1900, Kesterson Osborn and his wife, N. A. Osborn, executed a deed conveying to their son, I. Z. Osborn, a tract of land in Pulaski county. The deed was recorded on February 25, 1901. Kesterson Osborn, who died on February 20, 1901, left surviving him his widow, N. A. Osborn, and several children. After his death his widow continued to occupy the land conveyed to I. Z. Osborn, who, for some time, has been a resident of the state of Oklahoma. On June 23, 1915, N. A. Osborn qualified as administratrix of her husband. On the next day, she, as administratrix, together with certain children and grandchildren of her husband, brought this suit against I. Z. Osborn, in which they charged in substance that the deed in question was never delivered to defendant during the lifetime of her husband, but was obtained from her by fraud after his death, and that the consideration of $500.00 recited in the deed to have been paid in cash had never been paid. They asked that the deed be set aside, but if this could not be done, that they be adjudged a lien on the land for the amount of the purchase price and interest. B. L. Waddle was appointed corresponding attorney to notify the defendant, I. Z. Osborn, of the nature and pendency of the action. On September 15, 1915, he reported that he had sent a letter to the defendant addressed to the postoffice stated in the affidavit, but had received no reply, but that Stephens & Steely, attorneys-at-law, had heard from the defendant relative to the case and defendant had stated to them that he did not care to contest the action. He further reported that he had examined the papers in the case and was unable to make any defense. He filed with his report the following letter, signed by I. Z. Osborn, and addressed to Stephens & Steely, attorneys-at-law, Williamsburg, Kentucky:

"I have concluded not to contest that suit for family reasons. So I will pay you for what you have done. Please send me your bill."

On November 6, 1915, and during the same term of the court, I. Z. Osborn appeared by his attorneys and moved the court to grant him a reasonable time within which to file an answer. Plaintiffs objected and their objection was sustained. Thereupon, B. L. Waddle, one of defendant's attorneys, filed his affidavit to the effect that, although the defendant did not at first desire to contest the suit because his mother was a plaintiff therein, he had since received information which caused him to desire to make defense and that he had a good defense to the action. At the same time he tendered an answer in behalf of the defendant, which denied all of the allegations of the petition and pleaded affirmatively that the consideration of $500.00 had been fully paid. The court declined to permit the affidavit and answer to be filed, but entered an order making them a part of the record. Judgment was then entered, cancelling the deed in question and adjudged that plaintiffs recover their costs from defendant. Defendant appeals.

Plaintiffs insist that the action of the trial court in refusing to permit the answer to be filed was proper, because defendant, after being apprised of the nature and pendency of the suit, not only let several rule days pass on which his answer should have been filed, but stated to his attorneys that he did not desire to contest the suit. Section 414 of the Civil Code gives to a non-appearing defendant, who has been constructively summoned, the right, upon certain conditions, to have the action retried at any time within five years after the rendition of the judgment. Not only is there every reason, therefore, why he should be permitted to make defense before judgment, but this right is expressly granted by section 408 of the Civil Code, which is as follows:

"A defendant constructively summoned shall be allowed at any time before judgment to appear and defend the action; and, upon a substantial defense being disclosed, time may be given on reasonable terms to prepare for trial."

Here the answer showing a substantail defense was tendered before judgment, and was, therefore, in due time. There was no waiver of the right conferred by the code. Defendant's letter stating that he did not wish to contest the action was not addressed to the court or to the corresponding attorney, but to other attorneys, and did not, therefore, preclude him from thereafter changing his

mind and making defense at any time before judgment if he so desired. We, therefore, conclude that the trial court erred in refusing to permit the answer to be filed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.